UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| 3rd ROCK LOGISTICS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:16-cv-00543-LAM-SMV |
| OCCIDENTAL PETROLEUM CORPORATION, OCCIDENTAL PERMIAN, LP, OXY USA WTP, LP, OXY USA, INC., OXY LITTLE KNIFE, LLC, OXY NEW MEXICO, LP, PERMIAN BASIN, LP., BRAVO PIPELINE COMPANY, LAGUNA PETROLEUM CORPORATION, PLACID OIL COMPANY, AND RIO DE VIENTO, INC. | § § § § § § § § § § § § | |

### 3RD ROCK LOGISTICS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ON THE BASIS OF IMPROPER VENUE AND/OR LACK OF JURISDICTION

Comes now, 3rd Rock Logistics, LLC ("3rd Rock") and files this Response in Opposition to "Defendants' Motion to Dismiss on the Basis of Improper Venue and/or Lack of Jurisdiction" (Doc. 1-3), and would respectfully show the Court as follows:

I.

### The MSA Permits 3rd Rock to File Suit in New Mexico

3rd Rock has filed suit under the terms of a Master Services Agreement ("MSA") that was entered into between 3rd Rock and the Defendants. The MSA provides that all parties submit to the jurisdiction and venue in Texas, but it does not provide that Texas has *exclusive* jurisdiction nor does it mandate that jurisdiction or venue be exclusive in Texas:

"20.  Choice of Law

1

> THE PARTIES AGREE THAT THE LAWS OF THE STATE OF TEXAS SHALL GOVERN THIS AGREEMENT AND ANY COMMERCIAL TERMS, WITHOUT THE APPLICATION OF CHOICE OF LAW RULES. THE PARTIES VOLUNTARILY SUBMIT TO THE JURISDICTION AND VENUE OF THE FEDERAL OR STATE COURTS OF THE STATE OF TEXAS FOR THE ADJUDICATION OF THEIR LIABILITIES AND RESPONSIBILITIES UNDER THIS AGREEMENT."

The foregoing provision is referred to in the MSA as a "Choice of Law" provision and permits, but does not require, lawsuit to be filed in Texas. Defendants argue, without factual or legal justification, that the MSA "mandat[es] jurisdiction and venue in either State or Federal Courts of Texas." Doc. 1-3. The MSA does no such thing. After making this conclusory allegation, Defendants cite two New Mexico cases for the proposition that the provision is valid. However 3rd Rock does not contest the *validity* of the provision, but does contest its *applicability* to Defendants' requested relief.

Although 3rd Rock would have been permitted to file an action in Texas, nothing prohibits 3rd Rock from filing this action in New Mexico. The Tenth Circuit has noted that "forum selection clauses are frequently classified as either mandatory or permissive." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). "Mandatory forum selection clauses "contain[ ] clear language showing that jurisdiction is appropriate only in the designated forum." *Id.* (citing *Thompson v. Founders Group Intern.*, 20 Kan.App.2d 261, 886 P.2d 904, 910 (1994)). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not 'prohibit litigation elsewhere.'" *Id.* The *Excell* court explained the differences between mandatory and permissive forum selection clauses as follows:

> "Mandatory forum selection clauses 'contain[ ] clear language showing that jurisdiction is appropriate only in the designated forum.' *Thompson v. Founders Group Intern.,* 20 Kan.App.2d 261,

> 886 P.2d 904, 910 (1994). For example, a clause stating 'venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county,' has been deemed mandatory. *Id.* (citing *Vanier v. Ponsoldt,* 251 Kan. 88, 833 P.2d 949 (1992)). In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not 'prohibit litigation elsewhere.' *Id.* An example of a permissive forum selection clause is: 'The parties agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan.' *Id.* (citing *Utah Pizza Service v. Heigel,* 784 F.Supp. 835, 837 (D.Utah 1992))."

See *Excell, Inc.*, 106 F.3d at 321. Similarly, in *King v. PA Consulting Grp., Inc.*, the Tenth Circuit held that a forum selection clause will be construed as mandating jurisdiction and/or venue if it "contains clear language showing that jurisdiction is appropriate *only* in the designated forum." *See* 78 F. App'x 645, 647 (10th Cir. 2003) (emphasis original) (citing *Excell, Inc.*, 106 F.3d at 321.

The analysis is the same under Texas law, which the parties' have chosen to govern the MSA. For instance, in *Southwest Intelecom, Inc. v. Hotel Networks Corp.*, the parties' agreement contained the following provision:

> "8.9 *Applicable Law.* This Agreement shall be governed by the laws of the State of Minnesota. The Parties stipulate to jurisdiction and venue in Ramsey County, Minnesota, as if this Agreement were executed in Minnesota."

*See* 997 S.W.2d 322, 323 (Tex. App. 1999). The court concluded that the provision did not provide for *exclusive* jurisdiction in Minnesota, but merely provided that Minnesota was a permissive place for a party to bring suit. *See id.* at 325-26. Further, the court found that the term "stipulate" had the same meaning as the term "submit." *See id.* at 325. ("We believe that use of the word 'stipulate' also suggests that the parties simply intended to submit to jurisdiction in Minnesota.").

3

***Based on Texas law (which is the choice of law under the MSA) and the law followed in the Tenth Circuit, the MSA contains a permissive (not an exclusive) forum selection clause.*** The MSA does not provide that jurisdiction or venue exclusive or mandatory in Texas. Instead, it merely makes jurisdiction in Texas permissive. It does not mandate that a suit be brought exclusively in Texas, let alone contain "clear language" requiring the parties to do so.

Because the MSA does not prohibit the parties from filing suit outside of Texas, 3rd Rock acted within its rights when choosing to file suit in New Mexico. The only grounds provided by Defendants for their requested relief is their argument that the MSA's provision is valid. 3rd Rock agrees the provision is valid, but disagrees that the Choice of Law makes filing suit in Texas madatory. Defendants do not present any authority or argument in support of their conclusory assertion that the MSA has a forum selection clause "mandating" jurisdiction and venue in Texas. All applicable authority is contrary to Defendants' position and their Motion should be denied.

## II.

### Jurisdiction and Venue are Proper

Defendants do not provide any grounds for their requested relief other than their incorrect interpretation of the MSA's Choice of Law provision. Any other grounds by which Defendants could conceivably challenge jurisdiction or venue has been waived and should not be considered because they were not stated with particularity in the Motion. FED. R. CIV. P. 7(b)(1)(B) (a motion "must state with particularity the grounds for seeking the order"). The purpose of this rule is to afford notice and an opportunity to respond. *See Registration Control. Sys. v. Compusystems, Inc.* 922 F.2d 805, 807-08 (Fed. Cir. 1990). Nevertheless, Defendants are subject to personal jurisdiction in New Mexico because they are all parties to the MSA, which is a contract for services

to be performed in New Mexico. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (a court has specific jurisdiction when a plaintiff's cause of action arises from or related to the defendant's contacts with the forum state). Venue is appropriate in the county in which suit was filed because a substantial portion of the services described by the MSA were to be performed, and were performed, Eddy County. *See* NMSA 38-3-1 (venue proper in county were contract is to be performed); 28 U.S.C. §1391 (venue proper in the county where a substantial part of the claim occurred).

3rd Rock reserves the right to challenge this Court's subject-matter jurisdiction for lack of diversity and/or procedural defects associated the Defendants' removal of this action.

### Request for Relief

Wherefore, 3rd Rock respectfully requests that this Court deny Defendants' Motion and grant 3rd Rock all relief to which it shows itself to be justly entitled.

Respectfully submitted,

BLENDEN LAW FIRM

By: _____
Dick A. Blenden
208 W. Stevens St.
Carlsbad, NM 88220
Telephone: (575) 887-2071
E-Mail: dblenden@pvtnetworks.net

**ATTORNEY FOR 3RD ROCK LOGISTICS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2016, I electronically filed the foregoing Response in Opposition to Defendants' Motion to Dismiss on the Basis of Improper Venue and/or Lack of Jurisdiction with the Clerk of the Court using the EFS System, which will send notification of such filing to the following:

Ms. Brandy Manning
LONG-WEAVER, MANNING, ANTUS & ANTUS, LLP
310 W. Wall Street, Ste. 705
Midland, Texas 79701

bmanning@wmafirm.com

_____
Dick A. Blenden