UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| 3rd ROCK LOGISTICS, LLC | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | NO. 2:16-cv-00543-LAM-SMV |
| | § | |
| OCCIDENTAL PETROLEUM | § | |
| CORPORATION, OCCIDENTAL | § | |
| PERMIAN, LP, OXY USA WTP, LP, OXY | § | |
| USA, INC., OXY LITTLE KNIFE, LLC, | § | |
| OXY NEW MEXICO, LP, PERMIAN | § | |
| BASIN, LP., BRAVO PIPELINE | § | |
| COMPANY, LAGUNA PETROLEUM | § | |
| CORPORATION, PLACID OIL | § | |
| COMPANY, AND RIO DE VIENTO, INC. | § | |

## 3RD ROCK LOGISTICS, LLC'S ANSWER AND DEFENSES TO COUNTERCLAIM

3rd Rock Logistics, LLC ("3rd Rock") files this Answer and Defenses to the Original Counterclaim ("Counterclaim") filed by Defendants/Counter-Plaintiffs, Occidental Petroleum Corporation, Occidental Permian, LP, Oxy USA WTP, LP, Oxy USA, Inc., Oxy Little Knife, LLC, Oxy New Mexico, LP, Permian Basin, LP, Bravo Pipeline Company, Laguna Petroleum Corporation, Placid Oil Company, and Rio De Viento, Inc. (collectively, "Counter-Plaintiffs"). 3rd Rock denies each and every allegation contained in the Counterclaim, except as hereinafter specifically admitted and with respect, shows:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to the separately numbered paragraphs of the Counterclaim, 3rd Rock responds as follows:

1

56.     3rd Rock denies the allegation contained in paragraph 56 for a lack of sufficient information to justify a belief therein.

57.     3rd Rock denies the allegation contained in paragraph 57 for a lack of sufficient information to justify a belief therein.

58.     3rd Rock denies the allegation contained in paragraph 58 for a lack of sufficient information to justify a belief therein.

59.     3rd Rock denies the allegation contained in paragraph 59 for a lack of sufficient information to justify a belief therein.

60.     3rd Rock denies the allegation contained in paragraph 60 for a lack of sufficient information to justify a belief therein.

61.     3rd Rock denies the allegation contained in paragraph 61 for a lack of sufficient information to justify a belief therein.

62.     3rd Rock denies the allegation contained in paragraph 62 for a lack of sufficient information to justify a belief therein.

63.     3rd Rock denies the allegation contained in paragraph 63 for a lack of sufficient information to justify a belief therein.

64.     3rd Rock denies the allegation contained in paragraph 64 for a lack of sufficient information to justify a belief therein.

65.     3rd Rock denies the allegation contained in paragraph 65 for a lack of sufficient information to justify a belief therein.

66.     3rd Rock denies the allegation contained in paragraph 66 for a lack of sufficient information to justify a belief therein.

67.     3rd Rock admits the portion of the allegation contained in paragraph 67 that it is a Missouri Limited Liability Company and further admits that it has already appeared in this matter through its attorney of record. 3rd Rock denies that it may be served through Mr. Sims in this matter. 3rd Rock has a registered agent in the State of New Mexico.  To the extent not admitted, the remaining allegations are denied.

68.     3rd Rock admits that the parties' Master Service Agreement contains part of the language quoted in paragraph 68. The remainder of paragraph 68 contains legal conclusions as to which no response is required.  To the extent the remainder of paragraph 68 contains allegations of fact, they are denied.  In further Answer, 3rd Rock refers to and incorporates by reference herein its Response to the Motion to Dismiss filed by Counter-Plaintiffs.

69.     The allegations contained in paragraph 69 contain statements of law as to which no reply is required.  To the extent the remainder of paragraph 69 contains allegations of fact, they are denied.

70.     3rd Rock admits the portion of the allegation contained in paragraph 70 that 3rd Rock and Occidental Corporation were two of the parties that entered into a Master Services Agreement dated effective July 21, 2014, and the Commercial Terms dated effective July 21, 2014, and amendments dated effective August 15, 2014, October 15, 2014, October 29, 2014, and February 1, 2015. 3rd Rock denies that there was an amendment dated effective January 12, 2014. 3rd Rock denies that the Commercial Terms were amended dated effective August 1, 2015.  Further answering, 3rd Rock avers that a separate document entitled "Commercial Terms" was entered into on August 1, 2015. 3rd Rock admits that 3rd Rock agreed to perform work under the Master Services Agreement, including but not limited to fluid hauling services and frac tank rentals, and admits that

one or more Counter-Plaintiffs own leasehold interests in some of the properties which 3rd Rock rendered services. 3rd Rock denies the remaining allegations in paragraph 70.

71.    3rd Rock denies the allegation contained in paragraph 71 for a lack of sufficient information to justify a belief therein

72.    3rd Rock denies the allegation contained in paragraph 72 for a lack of sufficient information to justify a belief therein.

73.    3rd Rock denies the allegation contained in paragraph 73 for a lack of sufficient information to justify a belief therein.

74.    3rd Rock admits that portion of the allegation contained in paragraph 74 stating that 3rd Rock entered into the Master Services Agreement effective July 21, 2014.  The remaining portions of paragraph 74 contain legal conclusions as to which no response is required.  However, to the extent the remainder of paragraph 74 contains allegations of fact, they are denied.

75.    3rd Rock admits that portion of the allegation contained in paragraph 75 that pursuant to the Master Services Agreement and Commercial Terms that 3rd Rock would be paid based on set negotiated rates. The remainder of paragraph 75 contains legal conclusions as to which no response is required. However, to the extent the remainder of paragraph 75 contains allegations of fact, they are denied.

76.    3rd Rock denies the allegation contained in paragraph 76 for a lack of sufficient information to justify a belief therein

77.    3rd Rock denies the allegation contained in paragraph 77 for a lack of sufficient information to justify a belief therein.

78.     3rd Rock denies the allegation contained in paragraph 78 for a lack of sufficient information to justify a belief therein.

79.     Paragraph 79 contains legal conclusions as to which no response is required. However, to the extent paragraph 79 contains allegations of fact, they are denied.

80.     Paragraph 80 contains legal conclusions as to which no response is required. However, to the extent paragraph 80 contains allegations of fact, they are denied.

81.     3rd Rock admits that portion of the allegation contained in paragraph 81 that it filed liens against Counter-Plaintiffs' leasehold estates based on Counter-Plaintiffs' failure to pay 3rd Rock's invoices. The remainder of paragraph 81 contains legal conclusions as to which no response is required. However, to the extent the remainder of paragraph 81 contains allegations of fact, they are denied.

82.     Paragraph 82 contains legal conclusions as to which no response is required. However, to the extent paragraph 82 contains allegations of fact, they are denied.

83.     3rd Rock admits that portion of the allegation contained in paragraph 83 that it has filed liens against Counter-Plaintiffs' leasehold estates based on Counter-Plaintiffs' failure to pay 3rd Rock's invoices.  The remainder of paragraph 83 contains legal conclusions as to which no response is required. However, to the extent the remainder of paragraph 83 contains allegations of fact, they are denied.

84.     3rd Rock denies the allegation contained in paragraph 84 for a lack of sufficient information to justify a belief therein.

85.     Paragraph 85 contains legal conclusions as to which no response is required. However, to the extent paragraph 85 contains allegations of fact, they are denied.

86.     Paragraph 86 contains legal conclusions as to which no response is required. However, to the extent paragraph 86 contains allegations of fact, they are denied.

## AFFIRMATIVE DEFENSES

3rd Rock pleads the following defenses in bar or reduction of any recovery by Counter-Plaintiffs:

## UNCLEAN HANDS

The claims and causes of action asserted in the Counterclaim are barred by the doctrine of unclean hands.

## LACHES

The claims and causes of action asserted in the Counterclaim are barred by the equitable doctrine of laches.

## MITIGATION OF DAMAGES

Counter-Plaintiffs failed to mitigate the damages allegedly sustained.

## ACQUIESCENCE, ESTOPPEL AND WAIVER

Counter-Plaintiffs' Counterclaim is barred by the doctrines of acquiescence, estoppel and waiver.

## RATIFICATION

Counter-Plaintiffs' Counterclaim is barred by Counter-Plaintiffs' Ratification of the worked performed by 3rd Rock.

## SET OFF

3rd Rock is entitled to set off any amounts it may owe Counter-Plaintiffs by the amounts due 3rd Rock.

**PRAYER**

For these reasons, 3rd Rock prays that, upon final trial hereof, Counter-Plaintiffs take nothing by reason of Counter-Plaintiffs' Original Counterclaim; that 3rd Rock have and recover all costs of Court expended herein including its attorney's fees; and that 3rd Rock have such other and further relief, either general or special, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

BLENDEN LAW FIRM

By: _____

Dick A. Blenden
208 W. Stevens St.
Carlsbad, NM 88220
Telephone: (575) 887-2071
E-Mail: dblenden@pvtnetworks.net

**ATTORNEY FOR 3RD ROCK LOGISTICS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2016, I electronically filed the foregoing "3rd Rock Logistics, LLC's Answer and Defenses to the Original Counterclaim" using the EFS System, which will send notification of such filing to the following:

Ms. Brandy Manning
LONG-WEAVER, MANNING, ANTUS & ANTUS, LLP
310 W. Wall Street, Ste. 705
Midland, Texas 79701

bmanning@wmafirm.com

_____
Dick A. Blenden