IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

3rd ROCK LOGISTICS, LLC

      Plaintiff,

v.                                                                         CV 16-543 MV/SMV

OCCIDENTAL PETROLEUM
CORPORATION, OCCIDENTAL
PERMIAN, LP, OXY USA WTP, OXY
USA, INC., OXY LITTLE KNIFE, LLC
OXY NEW MEXICO, LP, PERMIAN
BASIN, L.P., BRAVO PIPELINE
COMPANY, LAGUNA PETROLEUM
CORPORATION, PLACID OIL
COMPANY, AND RIO DE VIENTO, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss on the Basis of Improper Venue and/or Lack of Jurisdiction [Doc. 1-3]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

### BACKGROUND

Plaintiff 3rd Rock Logistics entered into a Master Service Agreement ("MSA") with Defendants. The MSA contains the following "Choice of Law" provision:

> THE PARTIES AGREE THAT THE LAWS OF THE STATE OF TEXAS
> SHALL GOVERN THIS AGREEMENT AND ANY COMMERCIAL TERMS,
> WITHOUT THE APPLICATION OF CHOICE OF LAW RULES. THE
> PARTIES VOLUNTARILY SUBMIT TO THE JURISDICTION AND VENUE
> OF THE FEDERAL OR STATE COURTS OF THE STATE OF TEXAS FOR
> THE ADJUDICATION OF THEIR LIABILITIES AND RESPONSIBILITIES
> UNDER THIS AGREEMENT.

Doc. 3-2.

Plaintiff commenced an action against Defendants under the MSA on April 5, 2016, in the Fifth Judicial District Court of New Mexico, Eddy County. Doc. 1-2. On June 8, 2016, Defendants filed the instant motion to dismiss, arguing that the choice of law provision in the MSA "mandat[es] jurisdiction and venue in either the State or Federal Courts of Texas." Doc. 1-3 at ¶ 1. Thereafter, on June 9, 2016, Defendants removed the action to this Court. Doc. 1. On June 27, 2016, Plaintiff filed in this Court its opposition to Defendants' motion to dismiss, arguing that the choice of law provision is permissive rather than mandatory, and that jurisdiction thus is proper in this Court. Doc. 3. Defendants' reply followed on July 12, 2016.

## DISCUSSION

Defendants argue that this Court is not the proper venue for, and/or lacks jurisdiction over, this action because the choice of law provision in the MSA "mandat[es] jurisdiction and venue in either the State or Federal Courts of Texas." Doc. 1-3 ¶ 1. According to Defendants, because "the parties 'submitted' to both jurisdiction and venue in the Courts of the State of Texas," this Court should dismiss the case "so that Plaintiffs may refile, if they choose, in a court in the proper forum." Id. at 3. Plaintiff does not dispute the general validity of the choice of law provision in the MSA. Rather, Plaintiff contends that under both Tenth Circuit law and Texas law, the MSA's choice of law provision contains a permissive forum selection clause, which renders jurisdiction and venue permissible but not exclusive or mandatory in Texas and thus does not prohibit the parties from filing suit in another jurisdiction.

"Courts classify forum selection clauses as either mandatory or permissive." *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318, 321 (10th Cir. 1997). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the

designated forum." *Id.* (citations omitted). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.*

Under Tenth Circuit law, when a forum selection clause specifies not only jurisdiction but also venue, such as by designating a particular county or tribunal, if "the designation is accompanied by mandatory or obligatory language," the clause "will be enforced as mandatory." *Am. Soda, LLP v. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005). Also under Tenth Circuit law, where only jurisdiction is specified, the Court will enforce a forum selection clause as mandatory only "if there is some additional language indicating the parties' intent to make venue exclusive," such as "exclusive," "sole," or "only." *Id; K & V Sci. Co. v. BMW*, 314 F.3d 494, 500 (10th Cir. 2002); *see also King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 647 (10th Cir. 2003) ("[A] clause specifying a forum for jurisdiction may mandate that forum for purposes of venue as well, if it contains clear language showing that jurisdiction is appropriate *only* in the designated forum.").

Similarly, under Texas law, "[f]or a forum selection clause to be considered mandatory or exclusive, the clause "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *In re Agresti*, No. 13-14-00126, 2014 WL 3408691, at *5 (Tex. Ct. App. May 29, 2014). On the other hand, "a permissive forum selection clause, often described as a 'consent to jurisdiction' clause, authorizes venue in a designated forum but does not prohibit litigation elsewhere." *Id.* "[C]lauses in which parties merely 'consent' or 'submit' to the jurisdiction of a particular forum are permissive rather than mandatory, and a mere consent-to-jurisdiction clause will not justify dismissing a suit that is filed in a different forum." *In re Wilmer Cutler Pickering Hale and Dorr LLP*, No. 05-08-1395-CV, 2008 WL 5413097, at *4 (Tex. Ct. App. Dec. 31, 2008). In

3

applying these principles, Texas courts "have determined that various forum selection clauses which specify a particular jurisdiction, but do not exclude others, do not create mandatory and enforceable forum selection clauses." *Agresti*, 2014 WL 3408691, at * 5.

In the instant case, the MSA's forum selection clause states in relevant part that the parties "voluntarily submit to the jurisdiction and venue of the federal or state courts of the state of Texas for the adjudication of their liabilities and responsibilities." Doc. 3 at 2. This clause contains no mandatory or obligatory language indicating that the parties shall or must submit to the jurisdiction of Texas courts. Nor does it contain any additional language indicating that the parties intended to make a particular tribunal in Texas the exclusive, sole, or only venue for litigating the MSA.

To the contrary, the plain language of the clause makes clear the parties' intention simply to "submit" to the jurisdiction of the Texas courts. As written, the clause "does not provide for exclusive jurisdiction in [Texas]; instead, it merely settles any question of whether the courts of that state have jurisdiction." *Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 325 (Tex. Ct. App. 1999). Because it "neither prohibits litigation in jurisdictions other than [Texas] nor provides that [Texas] courts have exclusive jurisdiction over all claims arising out of the [MSA]," the MSA's forum selection clause is permissive rather than mandatory. *Id.* at 326. It follows that the MSA's forum selection clause provides no basis for dismissal of the instant action.

Notably, while the parties used mandatory language in the first sentence of the MSA's choice of law provision, providing that Texas law "*shall* govern" the parties' agreement, the parties did not use any such mandatory language in the next sentence of the same provision, providing that the parties "voluntarily submit" to the jurisdiction and venue of Texas courts in

4

order to resolve any disputes over the MSA.  Where, as here, the parties "use different language in different parts of a contract, [the court] assume[s] that they intended different things." *Wilmer Cutler*, 2008 WL 5413097, at *4.  Accordingly, the parties' choice of law provision, read as a whole, reflects that they intended to consent to jurisdiction in Texas, but did not equally intend to prohibit the commencement of litigation in any jurisdiction other than Texas.

## CONCLUSION

The sole basis for Defendants' motion to dismiss is that the MSA's forum selection clause prohibits the parties from litigating disputes over the MSA in any jurisdiction other than Texas.  The MSA's forum selection clause, however, is permissive rather than mandatory, and thus does not prohibit either party from commencing litigation in a jurisdiction other than Texas. Accordingly, the forum selection clause provides no basis for dismissing the instant action, and Defendants' motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss on the Basis of Improper Venue and/or Lack of Jurisdiction [Doc. 1-3] is **DENIED.**

DATED this 27th day of March, 2018.

_____
MARTHA VAZQUEZ
United States District Judge